SUSAN KAY WILBER ECCLES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eccles v. Commissioner
Docket No. 15685-94
United States Tax Court
T.C. Memo 1995-89; 1995 Tax Ct. Memo LEXIS 89; 69 T.C.M. (CCH) 1994; March 2, 1995, Filed *89 An order will be issued granting respondent's motion to dismiss for failure to state a claim, and decision will be entered for respondent. Susan Kay Wilber Eccles, pro se. For respondent: Mark A. Weiner. DAWSON, NAMEROFF
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This case is before us on respondent's Motion to Dismiss For Failure to State a Claim. The Court, sua sponte, also considers whether to impose a penalty under section 6673. Respondent determined deficiencies in, and additions to, petitioner's Federal income taxes, as *90 follows: Additions to Tax
Year
Deficiency
Sec. 6651(a)(1)
Sec. 6654(a) 1990
$ 8,219
$ 2,055
1991
4,922
1,231
$ 86
1992
5,829
1,457
144
The adjustments giving rise to the above deficiencies and additions to tax are based upon the failure of petitioner to file Federal income tax returns and report her income from wages, individual retirement account withdrawals, and interest for the years in issue. Initially, petitioner submitted a letter to appear "specially and not generally" to request a 60-day extension to respond to the notice of deficiency. The Court filed the letter as petitioner's petition and ordered petitioner to file a proper amended petition and pay the filing fee by October 31, 1994. An amended petition was timely filed. The gist of petitioner's allegations in her first amended petition is that she is a private California citizen, does not live or work in a "federal area", received no meaningful audit, has no excise tax activity, and received various types of property for her services. Subsequent to the filing of respondent's motion, the Court noted that it reviewed the petition herein and agreed with respondent that the allegations are *91 so-called tax protester allegations which have been repeatedly rejected by this Court and other courts. However, petitioner was permitted to file an objection to respondent's motion or, alternatively, an amended petition to set forth adequate assignments of errors and statements of facts respecting the merits of respondent's determinations. Petitioner then filed an Objection and a Second Amended Petition which contained identical assertions: viz, that respondent has no jurisdiction over her as a California citizen. In these circumstances no useful purpose would be served by affording the parties a further hearing in this matter. In her motion to dismiss respondent contends that the petition fails to allege clear and concise assignments of error in respondent's deficiency determination in violation of Rule 34(b)(4). Further, respondent contends that the petition fails to allege clear and concise lettered statements of fact on which petitioner bases assignments of error in violation of Rule 34(b)(5). A dismissal for failure to state a claim is appropriate where petitioner raises no justiciable issues. See ; *92 , affd. without published opinion . Petitioner makes several arguments that have been heard by this Court on many occasions and rejected. See, e.g., , affd. ; We see no reason to again refute these arguments with somber reasoning and copious citation of precedent. . The short answer to petitioner's arguments is that she is not exempt from Federal income tax. See . Furthermore, this Court generally (as in the instant case) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives, or the administrative policy or procedures involved in making her determinations. ; ; *93 . Petitioner has failed to raise any issue with regard to the amount of her income or deductions, or the correct amount of her tax liability, including the additions to tax. Accordingly, she has not raised any justiciable issues, and respondent's motion to dismiss will be granted. Section 6673 authorizes this Court to impose a penalty in favor of the United States in an amount not to exceed $ 25,000 whenever it appears that the taxpayer's position in a proceeding is frivolous, groundless, or instituted primarily for delay. Petitioner's contention that she is not subject to the tax laws of the United States because she lives in California is clearly frivolous. Accordingly, we require petitioner to pay to the United States a penalty of $ 3,000 pursuant to section 6673. An order will be issued granting respondent's motion to dismiss for failure to state a claim, and decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩